**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Deming,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-19-08177-PCT-DJH<br><br>**ORDER** |

At issue is the denial of Plaintiff Joseph Deming's Applications for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 11, Pl. Br.), Defendant SSA Commissioner's Opposition (Doc. 12, Def. Br.), and Plaintiff's Reply (Doc. 13, Reply). The Court has reviewed the briefs and the Administrative Record (Doc. 10, R.) and now reverses the Administrative Law Judge's ("ALJ") decision (R. at 22–41).

**I.    BACKGROUND**

Plaintiff filed his Applications on November 19, 2015 for a period of disability beginning on June 1, 2011. (R. at 25.) Plaintiff's claims were denied initially on February 2, 2016, and upon reconsideration on April 30, 2016. (R. at 25.) Plaintiff then testified at a hearing on May 7, 2018. (R. at 25.) On July 19, 2018, the ALJ denied Plaintiff's

Applications. (R. at 22–41.) This decision became final on April 30, 2019, when the Appeals Council denied Plaintiff's request for review. (R. at 2–7.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: panic disorder, agoraphobia, generalized anxiety disorder, obsessive-compulsive disorder, and social phobia. (R. at 27.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff is not disabled. (R. at 22–41.) The ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 28.) The ALJ also determined that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) with some limitations, including: understanding, remembering, and carrying out only simple instructions; performing only simple, routine, repetitive tasks; and engaging in only occasional superficial interaction with the public and coworkers with no crowd contact. (R. at 30.) Given these limitations, the ALJ concluded that Plaintiff is unable to perform his past relevant work but is able to perform jobs that exist in significant numbers in the national economy. (R. at 34.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a

whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

**III.   ANALYSIS**

Plaintiff raises three issues for the Court's consideration: (1) the ALJ improperly rejected Plaintiff's symptom testimony; (2) the ALJ improperly rejected lay witness

evidence; and (3) the ALJ erred in calculating Plaintiff's RFC.[1] The Court finds that the ALJ errantly rejected Plaintiff's symptom testimony and lay witness opinion.

> **A. The ALJ erred by rejecting Plaintiff's symptom testimony because he did not provide specific, clear, and convincing reasons supported by substantial evidence.**

The ALJ gave two reasons for rejecting Plaintiff's symptom testimony: (1) "other evidence" in the record was inconsistent with Plaintiff's alleged limitations; and (2) the medical record did not fully corroborate Plaintiff's alleged limitations. (R. at 31.) The Court finds that neither reason was sufficient.

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ may properly consider that the claimant's medical record does not contain evidence to support certain symptom testimony, but that cannot form the sole basis for discounting the testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ may also properly consider inconsistencies in the claimant's testimony regarding his daily activities and symptoms. *Id.*

---

[1] Plaintiff specifically argues that his RFC is unsupported because there was no basis in the record for the ALJ to conclude that Plaintiff is capable of even occasional, superficial interaction with coworkers. (Pl. Br. at 6.) The Court will not address this argument because his RFC will be recalculated on remand. Nevertheless, the Court notes that "it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). The claimant's RFC is the most he can do on a sustained basis despite his limitations. 20 C.F.R. §§ 404.1545(a); 404.1546(c). Where the ALJ has applied the proper legal standard and substantial evidence supports his RFC calculation, the Court will affirm it. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

### 1. The ALJ's finding that "other evidence" in the record was inconsistent with Plaintiff's alleged limitations is not supported by substantial evidence.

In evaluating Plaintiff's alleged limitations, the ALJ considered: (1) Plaintiff's demeanor during the hearing, (2) Plaintiff's ability to go for walks on a daily basis, and (3) Plaintiff's ability to interact with others when a limited number of people are present. Based on this "other evidence," the ALJ concluded that it was reasonable and sufficient to limit Plaintiff "to no more than occasional superficial interaction with the public and coworkers and no contact with crowds." (R. at 31.) The Court disagrees.

First, the ALJ's finding that Plaintiff's ability to walk on a daily basis undermines his credibility is neither specific, clear, and convincing, nor supported by substantial evidence. During the hearing, Plaintiff testified that he "walks [in the] early morning before everyone gets up." (R. at 62.) It appears that the ALJ relied on this activity as evidence that Plaintiff was not as limited as alleged. (R. at 31.) However, the ALJ did not explain his rationale and it is unclear how Plaintiff's ability to walk is inconsistent with Plaintiff's alleged limitations. Plaintiff testified that he experiences a lot of anxiety around people, including his family, and that he usually does not leave his room when they are around. (R. at 62–63.) Based on Plaintiff's entire testimony, the Court does not find that his morning walks are particularly probative of his credibility since he testified that he walks alone. *Cf. Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (stating that the ALJ properly relied on claimant's daily activities as evidence that his testimony regarding the severity of his limitations was exaggerated). Moreover, the ALJ did not explain how Plaintiff's ability to walk demonstrates an ability to sustain work with "no more than occasional superficial interaction with the public and coworkers and no contact with crowds." (R. at 31.) *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).

Similarly, the ALJ's finding that Plaintiff has demonstrated an ability to interact with others when a limited number of people are present is not specific, clear, and convincing. The ALJ cited to three records to support this finding. (R. at 31.) However, the

Court finds that the ALJ's interpretation of those records was unreasonable. For example, a November 2015 treatment note reflects that Plaintiff attended the appointment with his girlfriend and told his doctor, "[I]f you get 4 or 5 people in this room I wouldn't be able to tell you what day it is." (R. at 1085.) Again, the ALJ did not adequately explain his findings. However, to the extent the Court can reasonably infer the ALJ's rationale, it does not agree that Plaintiff's ability to sit through an appointment with his girlfriend and his doctor demonstrates an ability to sustain work in an environment with occasional interactions with the public or coworkers. Moreover, although Plaintiff's physician described Plaintiff as "oriented, engaged, and cooperative during [the] interview," she also noted that Plaintiff was anxious. (R. at 1085.) Next, the ALJ cited a page from a May 2016 "Engagement Session" report that does not include information about Plaintiff's interactions with others. (R. at 1103.) Finally, the ALJ cited a treatment record that reflects that Plaintiff gave speeches at his marijuana support group. (R. at 1121.) However, the ALJ did not develop the record as to how frequently Plaintiff attends the group, how many people typically attend, and the extent to which Plaintiff engages with others. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Therefore, this reason is not specific, clear, and convincing.

Finally, the ALJ's finding that Plaintiff presented well at the hearing was not a sufficient reason for the ALJ to reject Plaintiff's testimony. Although an ALJ is permitted to consider his personal observations of a claimant when making a credibility determination, the personal observations may not be the ALJ's sole basis for rejecting the claimant's testimony. *Orn*, 495 F.3d at 639. Because the ALJ's first two reasons for rejecting Plaintiff's testimony were not supported by substantial evidence, the observation that Plaintiff "presented well at the hearing" cannot support the ALJ's credibility finding.

> **2. The ALJ's finding that the medical record does not fully corroborate Plaintiff's alleged limitations is an insufficient reason, without more, to reject Plaintiff's testimony.**

An ALJ is permitted to consider whether a claimant's symptom testimony is supported by medical evidence, but a lack of objective support cannot be the ALJ's sole reason for rejecting the testimony. *Burch*, 400 F.3d at 680. Because the ALJ's other reason

for rejecting Plaintiff's symptom testimony was insufficient, the ALJ's finding that the medical record does not support Plaintiff's alleged limitations also fails.

In sum, the Court finds that none of the ALJ's reasons for rejecting Plaintiff's symptom testimony met the clear and convincing standard, and the ALJ therefore erred.

### B. The ALJ errantly rejected lay witness evidence by failing to provide a germane reason supported by substantial evidence.

Plaintiff's girlfriend, Summer Rose Hewett, completed a Third-Party Function Report regarding Plaintiff's limitations. (R. at 293–300.) The ALJ rejected Ms. Hewett's statement for two reasons: (1) the record contains no evidence that Ms. Hewett is medically trained or has familiarity with the SSA regulations; and (2) the objective evidence does not support the limitations Ms. Hewett opined to. (R. at 33.) The Court finds neither of these reasons legally sufficient.

An ALJ must consider lay witness evidence when evaluating whether a claimant is disabled. *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). The ALJ must provide germane reasons for disregarding the lay witness evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ must consider the lay witness evidence even if it unsupported by the medical evidence. *See, e.g., Smolen*, 80 F.3d at 1289. Additionally, the lay witness need not be medically trained to provide testimony about the claimant's ability to work. *See* 20 C.F.R. § 404.1513(d); *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition.").

Neither reason the ALJ gave for rejecting Ms. Hewett's statement was germane. The ALJ rejected Ms. Hewett's statement because it was not backed by medical evidence and because she is not medically trained. However, the value of Ms. Hewett's statement is that it could reveal information about Plaintiff's impairments that was not apparent from the available medical evidence. Therefore, it was error for the ALJ to reject Ms. Hewett's statement without giving germane reasons supported by substantial evidence.

### C. The proper remedy is to remand for further proceedings.

Plaintiff asks that the Court remand his case for payment of benefits rather than for further proceedings. (Pl. Br. at 13.) The credit-as-true rule applies if three elements are present. *Garrison*, 759 F.3d at 1020. First, the record must be fully developed such that further administrative proceedings would not be useful. *Id.* Second, the ALJ must have failed to provide legally sufficient reasons for rejecting evidence. *Id.* Third, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* Even if all elements of the credit-as-true rule are met, the Court maintains "flexibility to remand for further proceedings when the record when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

The proper remedy in this case is to remand for further proceedings. The ALJ errantly rejected Plaintiff's symptom testimony and Ms. Hewett's lay witness opinion. However, if that evidence were credited as true, the ALJ would still not be required to find Plaintiff disabled. Moreover, the Court finds that further proceedings would be useful, particularly for determining the extent of Plaintiff's limitations and whether they are work-preclusive. For example, Plaintiff testified that during his last job, he could only focus for "[a]bout an hour maybe, 15 minutes, 20 minutes at a time." (R. at 64.) He also testified that he had attendance issues and would "wander off" two times per week without notice and call in the next day. (R. at 65.) However, Plaintiff did not present these limitations to the vocational expert. Instead, he presented limitations that were not clearly derived from his testimony. Therefore, remand for further proceedings is the appropriate remedy.

**IT IS THEREFORE ORDERED** reversing the July 19, 2018 decision of the Administrative Law Judge. (R. at 22–41.)

**IT IS FURTHER ORDERED** remanding this matter for further consideration consistent with this order.

/ / / / / /

/ / / / / /

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly and close this case.

Dated this 10th day of March, 2020.

_____
Honorable Diane J. Humetewa
United States District Judge